### RICHARD D. GRANGER *vs.* ISAAC W. BROWN.

A notice to quit seasonably given by a landlord to his tenant, and correctly stating, either in general terms or by a specific designation of day and date, the time when the tenant should quit the premises, is sufficient, although it do not state the cause of giving it.

THIS was a complaint under Rev. Sts. *c.* 104, originally commenced before a justice of the peace, and removed, upon a suggestion of title, into the court of common pleas. At the trial in that court, before *Mellen*, J. the complainant offered evidence tending to show that the respondent hired the premises by an oral contract, for an indefinite term, at an annual rent of $75, payable monthly; that the respondent did not pay the rent when due; and that, on or about the 1st of November, 1850, a notice in writing was given by the complainant to the respondent to quit the premises in fourteen days. The precise terms of said notice did not appear, but there was no evidence that the notice stated the cause to be non-payment of rent, or a purpose to terminate the tenancy, otherwise than was expressed in notifying him to quit the premises.

The presiding judge instructed the jury that such a notice would be insufficient in law to support the action, because it did not state the reason or cause for giving the notice, and directed a verdict for the respondent. The complainant alleged exceptions.

*H. Morris*, for the complainant.

*W. G. Bates & E. W. Bond*, for the respondent.

BIGELOW, J.   If the notice to quit, in the present case, was seasonably given, and contained, either in general terms or by a specific designation of day and date, the time when the tenant was required to leave the premises, it was valid and sufficient, although it did not state the cause or reason for terminating the tenancy.   It was then a legal notice in all respects, and gave due warning to the tenant that the landlord intended to enforce his lawful right.   As every one is presumed to know the law, the tenant had thereby constructive notice of a legal cause for terminating his tenancy.   It would have been otherwise, if the notice to quit had contained no statement of the time when the tenancy was to be determined, or had stated it erroneously.   *Prescott* v. *Elm*, 7 Cush. 346; *Oakes* v. *Munroe*, 8 Cush. 282; *Sanford* v. *Harvey*, ante, 93. The court below, therefore, erred in adjudging the notice to be insufficient, on the ground stated in the exceptions.

*Exceptions sustained.*